IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CINDY M. BAUMGARTNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-4136-CV-C-GAF-SSA |
| | ) |
| JO ANNE B. BARNHART, | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff made application under the Social Security Act for disability benefits under Title II of the Act, 42 U.S.C. §§ 401, *et seq*. Plaintiff's application was denied initially. On October 25, 2004, following a hearing, an administrative law judge (ALJ) rendered a decision in which he found that plaintiff was not under a "disability" as defined in the Social Security Act at any time through the date of the decision. The Appeals Council of the Social Security Administration denied plaintiff's request for review.

The role of the court on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Craig v. Apfel*, 212 F.3d 433, 435 (8th Cir. 2000). In determining whether existing evidence is substantial, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch*, 201 F.3d at 1012. The court may not reverse the Commissioner's decision merely because substantial evidence

exists in the record that would have supported a contrary outcome. *See id.* Rather, if after reviewing the record, the court finds that "'it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Commissioner's] findings, we must affirm the decision'" of the Commissioner. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995) (quoting *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992)); *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).[1]

The ALJ determined that the plaintiff suffered from multiple sclerosis which was a severe impairment, however, she did not have an impairment, or combination of impairments, that either met or equaled any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments. The ALJ determined that the plaintiff had the following residual functional capacity (RFC): an ability to perform the full range of sedentary work; meaning that she could lift up to ten pounds occasionally, and nominal amounts frequently, sit for six hours in an eight-hour work day and stand for two hours in an eight-hour work day. Based upon this finding and vocational expert testimony, the ALJ determined that the plaintiff's RFC did not preclude the performance of her past relevant work as a data entry clerk. The ALJ found plaintiff not disabled.

Plaintiff was 37 years old at the time of the ALJ's hearing decision. Plaintiff applied for disability benefits on May 28, 2003, alleging disability since August 16, 2001, due to multiple sclerosis. In his decision, the ALJ found that plaintiff's allegations regarding her limitations were not totally credible. In evaluating subjective complaints, the primary question is not whether plaintiff experiences the complaints alleged, but whether those symptoms are credible to the extent that they prevent her

---

[1] Upon review of the record and applicable authority herein, the defendant's position is found to be controlling. Portions of defendant's brief have been adopted without quotation noted.

from performing substantial gainful activity. *See McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996). Where an ALJ specifically discredits a claimant's testimony for stated reasons, the court normally defers to the ALJ's determinations of credibility. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991).

In his decision, the ALJ noted a number of reasons as to why plaintiff's subjective testimony was not completely credible. The ALJ noted that plaintiff had exaggerated symptoms in relation to the findings of the specialist that had examined her. The ALJ noted no evidence of any severe disuse muscle atrophy. The medical records reflect few limitations and consistently showed full muscle strength in all extremities. The ALJ also noted that plaintiff's allegations were not borne out by her minimal treatment. At plaintiff's administrative hearing, she stated that she was on a medication to deal with fatigue, but that, otherwise, she was taking no medications.

The ALJ also considered plaintiff's activities of daily living. Plaintiff argues that the ALJ incorrectly found that such activities evinced an ability to perform substantial gainful activity. However, the record does reflect a rather full level of activity by plaintiff. The ALJ also noted that based upon his observations at the administrative hearing, plaintiff did not show any outward sign of disability or chronic fatigue.

The ALJ articulated the inconsistencies upon which he relied in discrediting plaintiff's testimony, and substantial evidence in the record as a whole supports his credibility findings.

Plaintiff further argues that the ALJ did not properly consider all the medical opinions of record. Specifically, plaintiff complains that the findings of Dr. Ruplinger, who wrote that plaintiff required rest that a full-time job would not allow, were not properly considered.

In his decision, the ALJ noted that Dr. Ruplinger's conclusion that plaintiff was disabled was a determination that was reserved to the Commissioner. A determination that someone is disabled is not strictly a medical decision, but one that also includes other factors, such as vocational factors. *See Cruze v. Chater*, 85 F.3d 1320, 1325 (8th Cir. 1996) (Statements that a claimant could not be gainfully employed '" are not medical opinions on the application of the statue, a task assigned solely to the discretion of the [Commissioner],'" quoting *Nelson v. Sullivan*, 946 F.2d 1314, 1316 (8th Cir. 1991)). Such statements simply '"are not conclusive as to the ultimate question'" of disability. *Id*. (quoting *Nelson*, 946 F.2d at 1316-17). The medical evidence of record supports the ALJ's decision.

After evaluating plaintiff's subjective complaints, the ALJ formulated plaintiff's RFC based on all the evidence of record he found credible. *See* 20 C.F.R. § 404.1545. *See also Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

The ALJ's decision demonstrates that he considered the entire record of evidence, including all the medical evidence and testimony. The ALJ met his duty of determining plaintiff's RFC based on all of the relevant evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995); *see also Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000) (citing 20 C.F.R. §§ 404.1545 and 416.945; Soc. Sec. Ruling (SSR) 96-8p, at pp. 8-9). Plaintiff has not met her burden of proving that her RFC prevents her from performing her past relevant work as a data entry clerk. *See Young v. Apfel*, 221 F.3d 1065 (8th Cir. 2000); *see also* Fed. Reg. 51154 *et seq*. (August 26, 2003).

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

                                                  /s/ Gary A. Fenner
                                                  GARY A. FENNER, JUDGE
                                                   United States District Court

DATED:   May 16, 2006